FILED by YH D.C.

Oct 7, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20202-CR-UNGARO/REID

18 U.S.C. §1349
18 U.S.C. §1341
18 U.S.C. §981(a)(1)(C)

UNITED STATES OF AMERICA,

vs.

MARQUIES MCGIRT,
Defendant.
_______________________________/

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Experian, TransUnion, and Equifax were credit reporting agencies that collected and maintained data relevant to the credit worthiness of individual consumers. Experian, TransUnion, and Equifax (hereinafter "the credit reporting agencies") would use such data in order to generate numerical credit scores for consumers that sought to measure their credit worthiness.

2. Information that the credit reporting agencies would take into account in computing a consumer's credit score included the consumer's bill paying history and the consumer's borrowing and repayment history. According to the scoring system used by the credit reporting agencies, consumers with higher credit scores were deemed to be more favorable credit risks than consumers with lower credit scores. Businesses would rely on the credit scores generated by the credit reporting agencies in determining whether to extend credit to a prospective borrower and, if so, the terms under which credit would be extended.

3. Co-Conspirator #1 operated a for-profit credit repair business that assisted individuals in improving their credit scores, including individuals who resided in Miami-Dade County.

4. Defendant **MARQUIES MCGIRT** was employed as a Public Service Aide ("PSA") with the Miami-Dade Police Department ("MDPD"), which operates in Miami-Dade County, in the Southern District of Florida. A PSA is an unarmed civilian employee with no arrest powers, whose duties essentially involve providing support to sworn police officers. A PSA performs duties that can include investigations of non-violent crimes, minor crime scene processing, and other routine non-emergency law enforcement activities – such as directing traffic and responding to accidents without serious injury.

5. Defendant **MARQUIES MCGIRT** was assigned to MDPD's Northside District. Northside District is one of seven MDPD district stations, each of which covers a designated geographical area within unincorporated Miami-Dade County. Northside District covers the portion of unincorporated Miami-Dade Country that roughly spans from east-to-west between I-95 and NW 37th Avenue, north of the City of Miami and south of the City of Opalocka.

6. When an individual reports criminal activity to a PSA, the PSA may document the reported information on a MDPD form known as an Offense-Incident report ("OIR"), which is the same form used by a sworn MDPD police officer to document this type of information. An OIR contains areas for a variety of relevant information, which include:

a. the date and time when the PSA met with the reporting individual;

b. the date and time of the incident;

c. narrative information describing the incident;

d. a description of the possible offense and the specific Florida statute violated;

e. the names of the reporting individual and other potential witnesses, as well as other identifying information including address, phone number, and date of birth; and

f. whether the reporting individual and other potential witnesses listed on the report were victims, witnesses, proprietors, or third party reporting persons.

7. For an OIR to be entered into MDPD's official records, the report must include an "agency report number," more commonly known as a "case number." The case number is one of the primary means through which an OIR is organized in MDPD's record keeping system. To obtain a case number, a PSA must connect to the MDPD Communications Bureau and provide a two-number call signal associated with the type of offense to which the PSA is responding.

8. As part of a PSA's official duties, a PSA may respond to a reported incident of the offense under Florida state law of "criminal use of personal identification," which is commonly known as identity theft. Responding to such an incident may result in the PSA writing an OIR. When a PSA is seeking a case number to include in an OIR for an incident of criminal use of personal identification, the PSA will provide the Communications Bureau with the call signal "54," which is the call signal associated with fraud offenses. Within MDPD, completed OIRs for suspected incidents of identity theft generally are routed to MDPD's Economic Crimes Bureau ("ECB"), which is the unit within MDPD generally charged with investigating such violations.

9. MDPD relies upon data from completed OIRs entered into its various record-keeping systems to make administrative determinations regarding allocation of resources within MDPD. These determinations can include allocation of personnel between different geographical districts, such as Northside District versus other districts, as well as the quantity of

personnel to be allocated to a specialty unit, such as ECB, or the staffing assignments of personnel within a specialty unit.

10. As a PSA with MDPD, Defendant **MARQUIES MCGIRT** owed members of the public the right to his honest services. As such, Defendant **MARQUIES MCGIRT** was obligated to act in the public's best interests.

**COUNT 1**
**Conspiracy to Commit Mail Fraud**
**(18 U.S.C. §1349)**

Paragraphs 1 through 10 of the General Allegations section of this Information are re-alleged and incorporated as though fully set forth herein.

From on or about December 14, 2015, and continuing through on or about October 18, 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MARQUIES MCGIRT,**

did willfully, that is, with intent to further a purpose of the conspiracy, and knowingly combine, conspire, confederate, and agree with Co-Conspirator #1 to devise a scheme and artifice to defraud and deprive another of the intangible right of honest services, through bribery and kickbacks, and for the purpose of executing such scheme, to place in any post office or authorized depository for mail matter, matters and things, to be sent or delivered by the United States Postal Service, in violation of Title 18, United States Code, Sections 1341 and 1346.

**PURPOSE OF THE CONSPIRACY**

It was a purpose of the conspiracy for Defendant **MARQUIES MCGIRT** to secretly use his official position as a Public Service Aide with the Miami-Dade Police Department to enrich

himself by accepting payments and other things of value from Co-Conspirator #1, in exchange for favorable official action.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means of the conspiracy included, but were not limited to, the following:

1. Co-Conspirator #1 would provide Defendant **MARQUIES MCGIRT** with names and other identifying information of customers of Co-Conspirator #1's credit businesses, so that Defendant **MARQUIES MCGIRT** in turn could create OIRs that claimed the customers had been victims of the Florida state law offense of criminal use of personal identification.

2. Defendant **MARQUIES MCGIRT** would take official action by creating OIRs, consistent with this plan.

3. In the OIRs, Defendant **MARQUIES MCGIRT** would falsely represent that the alleged "victims" personally had reported to him facts consistent with having been victims of identity theft, when in fact Defendant **MARQUIES MCGIRT** had never met with the alleged victims.

4. To support the claims in the OIRs, in the narrative section of the reports Defendant **MARQUIES MCGIRT** would falsely attribute to the alleged victims representations that they allegedly had made to him. For instance, in many of the reports the defendant would state as follows (or substantially similar words): "V 1 [*i.e.*, the alleged victim] advised that on listed date [*i.e.*, the date of the report] he realized that unknown subject(s) gained access to his personal information and opened up several unauthorized accounts."

5. To bolster the purported authenticity of the OIRs, Defendant **MARQUIES MCGIRT** would obtain case numbers by connecting to the MDPD Communications Bureau and

providing the call signal "54." Defendant **MARQUIES MCGIRT** would include the case numbers in the respective OIRs. Defendant **MARQUIES MCGIRT** would take official action by completing the OIRs with their respective case numbers and thereby causing data from the OIRs to be entered into MDPD's record keeping systems.

6. Defendant **MARQUIES MCGIRT** would provide Co-Conspirator #1 with copies of the OIRs, which contained the case numbers that Defendant **MARQUIES MCGIRT** had obtained from the MDPD Communications Bureau and data the defendant caused to be entered into MDPD's record keeping systems..

7. In order to induce the credit reporting agencies to remove negative items from the credit histories of Co-Conspirator #1's customers, Co-Conspirator #1 would send letters to the agencies, via the United States Postal Service, claiming that Co-Conspirator #1's customers had been victims of identity theft.

8. To support the claim in these letters that Co-Conspirator #1's customers had been victims of identity theft, Co-Conspirator #1 would include in the letters a copy of the relevant OIR that Defendant **MARQUIES MCGIRT** had provided to him.

9. In return for the OIRs, Co-Conspirator #1 would pay Defendant **MARQUIES MCGIRT** with cash and lifetime free credit monitoring, as well as discounted credit repair services for Defendant **MARQUIES MCGIRT's** family members and friends.

10. Defendant **MARQUIES MCGIRT** would defraud and deprive the public of their right to his honest services by accepting these bribes from Co-Conspirator #1 in return for creating and providing the OIRs to Co-Conspirator #1.

All in violation of Title 18, United States Code, Section 1349.

## CRIMINAL FORFEITURE ALLEGATION

1. The allegations in this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which Defendant **MARQUIES MCGIRT** has an interest.

2. Upon conviction of any offense alleged in this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), all property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

3. If the property described above, as being subject to forfeiture, as a result of any act or omission of the defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and the procedures of Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

fr , SLC [Edward N. Stamm, SLC]
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

MICHAEL S. DAVIS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

**v.**

**MARQUIES MCGIRT**

**Defendant.** /

**CASE NO.** ____________

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

✓ Miami __ Key West
__ FTL __ WPB __ FTP

New defendant(s) Yes ___ No ___
Number of new defendants ___
Total number of counts ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) No
List language and/or dialect ____________

4. This case will take -0- days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| | (Check only one) | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | ✓ | Petty | |
| II | 6 to 10 days | | Minor | |
| III | 11 to 20 days | | Misdem. | |
| IV | 21 to 60 days | | Felony | ✓ |
| V | 61 days and over | | | |

6. Has this case previously been filed in this District Court? (Yes or No) No
If yes: Judge Case No. ____________
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) No
If yes: Magistrate Case No. ____________
Related miscellaneous numbers: ____________
Defendant(s) in federal custody as of ____________
Defendant(s) in state custody as of ____________
Rule 20 from the District of ____________

Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? Yes ___ No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? Yes ___ No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? Yes ___ No ✓

[signature] for Michael S. Davis
ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: Marquies McGirt

**Case No**:

**Count 1**

Conspiracy to commit mail fraud

18 U.S.C. §1349

**Max. Penalty:** Twenty years imprisonment; three years supervised release; $250,000 fine

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.
MARQUIES MCGIRT

*Defendant*

Case No.

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: ______________

*Defendant's signature*

*Signature of defendant's attorney*

*Printed name of defendant's attorney*

*Judge's signature*

*Judge's printed name and title*