UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cr-20202-Ungaro/Reid

UNITED STATES OF AMERICA

v.

MARQUIES MCGIRT,
        Defendant
_____/

## PLEA AGREEMENT

The United States of America and Marquies McGirt (hereinafter referred to as "the defendant") enter into the following agreement:

1.    The defendant agrees to plead guilty to Count 1 of the information, which charges the defendant with conspiring to violate Title 18, United States Code, Sections 1341 and 1346, by agreeing to execute a scheme through mailings via the United States Postal Service to defraud and deprive another of the intangible right of honest services; all in violation of Title 18, United States Code, Section 1349.

2.    The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the Court relying in part on the results of a

U.S. v. Marquies McGirt – Page 1 (August 12, 2020)         Assistant United States Attorney
                                                                                   Attorney for Defendant
                                                                                   Defendant

Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns; and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may (a) impose a fine of $250,000 and (b) order forfeiture of the defendant's right, title, and interest in the property that constitutes the proceeds of the offense of conviction, or property traceable to such proceeds.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment,

U.S. v. Marquies McGirt – Page 2 (August 12, 2020)     Assistant United States Attorney
                                                      Attorney for Defendant
                                                      Defendant

the defendant agrees to present evidence to the Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. The defendant agrees that within three business days following the entry of his guilty plea under this agreement he: (a) will resign from the Miami-Dade Police Department and (b) to the extent he has certifications issued by the Criminal Justice Standards and Training Commission ("CJSTC") of the State of Florida, he will relinquish all such certifications. This Office will provide to the defendant the form necessary for him to relinquish all CJSTC certifications and will advise the defendant where he is to appear to submit the form.

6. This Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of

the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. However, the United States will not be required to make these sentencing recommendations if the defendant: (a) fails or refuses to make full, accurate, and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; (b) fails or refuses to execute consent and authorization forms necessary to permit all financial institutions with whom the defendant holds accounts (including sole, joint, or trust accounts, or accounts over which the defendant has signature authority) to disclose all account records to the Probation Office; (c) is found to have misrepresented facts to the government prior to entering this plea agreement; (d) fails or refuses to comply with the provisions of paragraph 5 of this agreement regarding resignation from the Miami-Dade Police Department and relinquishment of CJSTC certifications; or (e) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. In addition to the provisions of the previous paragraph of this agreement, which set forth the defendant's eligibility for a downward adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, the United States and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the application of the advisory sentencing guidelines in this case:

      a.    Section 2C1.1 of the Sentencing Guidelines is the offense guideline applicable to the offense of conviction in this case.

      b.    Pursuant to Section 2C1.1(a)(1), the defendant's base offense level is 14.

      c.    Because the offense involved more than one bribe, the defendant qualifies for a 2-level upward specific offense characteristic under Section 2C1.1(b)(1).

9.    The United States agrees that it will not seek any additional upward specific offense characteristics, upward adjustments, upward departures, or upward variances to or from the defendant's offense level beyond those specifically referred to in this agreement, with the following exception: If following the defendant's entry of the defendant's guilty plea in this matter the defendant engages in conduct that qualifies as obstruction of justice under Section 3C1.1 of the Sentencing Guidelines, the United States may seek a two-level upward adjustment under Section 3C1.1. So long as the defendant complies with all provisions of this agreement, the United States agrees that it will recommend that the Court sentence the defendant to a sentence at the low-end of the advisory Sentencing Guidelines.

10.    The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct, under the supervision of, and in compliance with, law enforcement officers and agents.

U.S. v. Marquies McGirt – Page 5 (August 12, 2020)        Assistant United States Attorney
                                                                                    Attorney for Defendant
                                                                                    Defendant

11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, and/or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.

12. The defendant understands and acknowledges that the Court is under no obligation to grant the motion(s) referred to in the previous paragraph of this agreement should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the Court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

13. Pursuant to the criminal forfeiture allegations in the information, the defendant agrees to forfeit his right, title, and interest in $4,950 through the entry of an order of forfeiture in the form of a personal money judgment in this amount. The defendant acknowledges that this

U.S. v. Marquies McGirt – Page 6 (August 12, 2020)                    Assistant United States Attorney
                                                                      Attorney for Defendant
                                                                      Defendant

sum represents proceeds of the offense to which he is pleading guilty. The defendant knowingly and voluntarily agrees to waive (a) any right to a jury determination regarding forfeiture of the asset(s) identified in this paragraph and (b) any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited asset(s).

14. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization or removal from the United States.

15. In exchange for the undertakings made by this Office in this plea agreement, the defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 522, or the Privacy Act of 1974, 5 U.S.C. § 522a. Through this paragraph, the defendant does not waive the defendant's right to obtain

U.S. v. Marquies McGirt – Page 7 (August 12, 2020)

Assistant United States Attorney
Attorney for Defendant
Defendant

from the United States materials that the United States would be obligated to produce at sentencing under Rules 16, 26.2, or 32(i)(2) of the Federal Rules of Criminal Procedure or under *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972).

16. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

17. By signing this plea agreement, the defendant certifies that he has read it or has had it translated for him into his native language. The defendant acknowledges that he has discussed the terms of this plea agreement with his attorney(s) and fully understands its meaning and effect.

U.S. v. Marquies McGirt – Page 8 (August 12, 2020)

Assistant United States Attorney *md*
Attorney for Defendant *AL*
Defendant *n.r*

The defendant confirms that he is guilty of the offense(s) to which he is pleading guilty; that his decision to plead guilty is the decision that he has made; and that nobody has forced, threatened, or coerced him into pleading guilty. The defendant affirms that he has discussed this matter thoroughly with his attorney(s). The defendant further affirms that his discussions with his attorney(s) have included discussion of possible defenses that he may raise if the case were to go to trial, as well as possible issues and arguments that he may raise at sentencing. The defendant additionally affirms that he is satisfied with the representation provided by his attorney(s). The defendant accordingly affirms that he is entering into this agreement knowingly, voluntarily, and intelligently.

18. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

U.S. v. Marquies McGirt – Page 9 (August 12, 2020)

Assistant United States Attorney
Attorney for Defendant
Defendant

19. This **10-page** agreement is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 12/16/2020        By: _____
                            MICHAEL S. DAVIS
                            ASSISTANT U.S. ATTORNEY

Date: 9/18/20           By: _____
                            ANDREW RIER, ESQ.
                            ATTORNEY FOR DEFENDANT

Date: 9-16-20           By: _____
                            MARQUIES MCGIRT
                            DEFENDANT